```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED:  11/28/23
```

UNITED STATES OF AMERICA,

   -against-

ROSITA ROSSY,

                           Defendant.

No. 22-CR-550-02 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Before the Court is the Defendant Rosita Rossy (the "Defendant")'s letter motion *in limine* (the "Motion" or "Mot.", ECF No. 67) to admit at trial certain information regarding her "personal and professional background" (Mot. at 2), which the Government opposes (the "Opposition" or "Opp.", ECF No. 68). For the reasons set forth below, the Court GRANTS in part and DENIES in part the Defendant's Motion.

    In particular, the Defendant has moved *in limine* to admit (1) personal information, such as her marital status, age, number of children and ages of said children; and (2) professional information, such as her current and prior employment history, duration of such employment, and any commendations or disciplinary history. The Court will address each type of evidence in turn.

    First, the Defendant contends that evidence regarding her personal life is "relevant and probative" to "the jury's assessment of the defendant 'as a person, and [her] experience in life'." (Mot. at 2 (quoting *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988) (alteration in original).) The Government counters that such background information is "irrelevant to the [D]efendant's guilt or innocence and may instead improperly elicit the jury's sympathy or bias." (Opp. at 1-2.)

1

District courts possess "wide discretion concerning the admissibility of background evidence," including that of a defendant's personal characteristics. *Blackwell*, 853 F.2d at 88. Basic background information about a defendant, such as her educational and employment history, is "routinely admitted," *id.*, but other information, such as family circumstances, is not, *see, e.g. United States v. Washington,* No. 21-CR-603 (VEC), 2023 WL 6219203, at *10 (S.D.N.Y. Sept. 22, 2023) (precluding evidence of "family background, health, age, or any other similar factors" because "[s]uch evidence is generally irrelevant to any issue of consequence"); *United States v. Battaglia*, No. S9 05-CR-0774, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (excluding "any evidence of Defendant's family and personal status" under Fed. R. Evid. 401); *United States v. Sterritt*, No. 21-CR-193 (KAM), 2023 WL 7386660, at *5 (E.D.N.Y. Nov. 8, 2023) (excluding "evidence of [defendant's] personal, health, or family circumstances" because it "carries too great a risk of unfair prejudice, confusing the issues and misleading the jury"). Courts have previously excluded evidence of a defendant's personal and family circumstances because it "is generally irrelevant to any issue of consequence and therefore inadmissible." *Washington*, 2023 WL 6219203, at *10. For example, this Court declined to admit evidence regarding a defendant's marital status and the details of his marriage because such information had "very little conceivable bearing on" the issue at the heart of the suit – namely, "whether [the defendant] failed to promote [the plaintiff] on the basis of his gender." *See Dodson v. CBS Broad. Inc.*, 423 F. Supp. 2d 331, 335 (S.D.N.Y. 2006). Likewise, here, the Defendant's marital status, age, number of children and ages of said children have no relation to whether she is guilty of the criminal allegations levied against her. Because personal information concerning the Defendant's family background "is generally irrelevant to any issue of consequence", the Defendant's motion to introduce such information at trial is denied. *See Washington*, 2023 WL 6219203, at *10.

Second, the Defendant argues that information regarding her employment should be admitted as "the type of background information that can 'scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding' because it tells 'the jury something about the defendant as a person, and his experience in life.'" (Mot. at 2) (quoting *United States v. Adelekan*, 567 F. Supp. 3d 459, 471 (S.D.N.Y. 2021)). In response, the Government "does not object to the [D]efendant providing testimony establishing her previous and current positions with DOCCS and the duration of that employment.," but objects to the inclusion of evidence of her commendations and disciplinary history as improper character evidence. (Opp. at 1-2.) In light of the Government's lack of objection to Defendant introducing evidence of her current and prior employment history and duration of such employment, as well as the fact that courts in this circuit have previously admitted basic information about a defendant's employment, *see Blackwell*, 853 F.2d at 88, *Adelekan*, 567 F. Supp. 3d at 471, the Court grants the Defendant's Motion to admit evidence of her current and prior employment history and duration of such employment.

The Court now addresses the admissibility of Defendant's commendations and disciplinary history. Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of any...crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In other words, "a defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions." *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (citation and alteration omitted). "The reasoning behind this rule is straightforward: A single occurrence of lawful conduct is 'simply irrelevant' to other occurrences of unlawful conduct." *United States v. Chambers*, 800 F. App'x 43, 46 (2d Cir. 2020). The Defendant does not explain why or for what purpose she wishes to

3

introduce evidence of her commendations or (presumable) lack of disciplinary history, but it is hard to see any purpose for such evidence besides to suggest that Defendant is good at her job, or, at least, has not previously misbehaved in her position and therefore did not commit the crimes of which she is accused. But "[i]t is black-letter law that 'evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.'" *United States v. Carton*, No. 17 CR 680 (CM), 2018 WL 5818107, at *3 (S.D.N.Y. Oct. 19, 2018) (quoting *United States v. Boykoff*, 67 App'x 15, 20-21 (2d Cir. 2003)). Moreover, "character evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts," such as commendations. *See United States v. Benedetto*, 571 F.2d 1246, 1249–50 (2d Cir. 1978) (quoting *Michelson v. United States*, 335 U.S. 469, 477, 69 S.Ct. 213, 93 L.Ed. 168 (1948) (alteration omitted). For example,

> [a] defendant charged with robbing a bank in Manhattan on April 22 cannot offer as evidence to disprove the charged crime that he did not rob the bank's branches in Brooklyn or the Bronx on April 22 or that he did not rob the Manhattan branch on April 20, 21, 23, and 24, because this evidence is irrelevant to the charge that he robbed the Manhattan bank on April 22.

*United States v. Fiumano*, No. S3 14 CR. 518 (JFK), 2016 WL 1629356, at *7 (S.D.N.Y. Apr. 25, 2016). Likewise, here, Defendant cannot offer as evidence to disprove the charged offenses of witness tampering and drafting a falsified report that she did not previously draft a falsified report or cover up an assault of an inmate.

Furthermore, Defendant misreads the cases she cites in support of admitting her commendations and disciplinary history. Defendant relies on *United States v. Blackwell* for the proposition that evidence of a defendant's "education and employment" is admissible. (Mot. at 2 (quoting 853 F.2d at 88).) In that case, however, the Second Circuit held that a defendant's testimony regarding his employment history and lack of prior arrests were admissible as

4

background evidence. By contrast, here, Defendant seeks to admit not only her prior employment history, but also the commendations she had received as part of her employment. In addition, the *Blackwell* court found that a lack of prior *arrests* was admissible – not a lack of disciplinary infractions associated with one's employment. Likewise, Defendant cites to *United States v. Adelekan* to support the premise that employment-related evidence is "universally offered and admitted." (*See* Mot. at 2 (quoting 567 F. Supp. 3d at 471).) But in *Adelekan,* this Court admitted only "the fact of the defendant's profession" (*id.* (alteration omitted)) - not, as Defendant attempts to do here, the good and (lack of) bad prior acts associated with that professional role.

In summary, evidence of any commendations and lack of prior disciplinary infractions Defendant has received as part of her employment will be excluded "because such testimony would in effect be an attempt to demonstrate [the Defendant's] good character by proof of specific good acts." *Dawkins*, 999 F.3d at 792 n.77 (quoting *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978)).

For the foregoing reasons, the Defendant's motion *in limine* is GRANTED in part and DENIED in part. The Court preliminarily (1) excludes evidence of the Defendant's marital status, age, number of children and ages of said children; (2) admits evidence of the Defendant's current and prior employment history and duration of such employment; and (3) excludes evidence of any commendations or disciplinary history associated with Defendant's employment. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 67.

Dated: November 28, 2023  SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge