USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/08/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ROSITA ROSSY,

                    Defendant.

No. 22-CR-550-02 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Before the Court is the Government's letter motion *in limine* (the "Motion" or "Mot.") to admit the remote testimony of a trial witness, which the defendant Rosita Rossy (the "Defendant") opposes ("Opposition" or "Opp."). For the reasons set forth below, the Court GRANTS the Government's Motion.

    In particular, the Government has moved *in limine* to permit James Lawyer, a trial witness, to testify remotely. Mr. Lawyer, a former Lieutenant at the Department of Corrections and Community Supervision ("DOCCS"), recently experienced a serious accident and is physically incapacitated while he recovers from his injuries. The Government contends that Mr. Lawyer will "provide important, inculpatory testimony regarding his interactions with the [D]efendant" and review of the Defendant's allegedly falsified reports of Taj Everly's assault of an inmate (Mot. at 1, 3.) Mr. Lawyer cannot, however, travel the nearly one-hundred-and-fifty miles to the courthouse from his residence to appear at trial in light of his current physical condition. (*Id.* at 5.) The Government therefore requests the Court to allow Mr. Lawyer to provide testimony via live two-way video from his home. (*Id.*) The Defendant, in turn, raises two principal objections to the Government's Motion, namely that the Government has (1) supplied insufficient evidence to

1

establish that Mr. Lawyer is unavailable to testify in person and (2) filed an untimely motion. (Opp. at 2-3.) The Court considers each in turn.

The Second Circuit has permitted two-way video testimony in circumstances where traveling for purposes of testimony could pose a medical risk to the witness. *See, e.g. United States v. Colello,* No. 20-CR-613 (JSR), 2023 WL 3584466, at *1 (S.D.N.Y. May 19, 2023) ("[e]xigent health circumstances that preclude a witness from traveling to testify at trial have consistently been held to satisfy this 'unavailability' requirement"); *United States v. Patterson*, No. 21-1678-CR, 2022 WL 17825627 (2d Cir. Dec. 21, 2022), *cert. denied sub nom. Weigand v. United States*, 143 S. Ct. 2639 (2023) (affirming use of two-way video testimony where traveling during the COVID-19 pandemic raised serious health risks for a witness with underlying health conditions, including hypertension, atrial fibrillation, and was unvaccinated); *United States v. Griffin*, No. 11 Cr. 936 (RJS), 2021 WL 3188264, at *2 (S.D.N.Y. July 28, 2021) (granting government's motion for witness to testify at hearing by two-way video where witness's "doctor has advised her not to travel in light of the fact that she gave birth approximately two weeks ago and is not vaccinated against COVID-19"). In evaluating whether to permit such remote testimony, courts follow the standard applicable to depositions under Federal Rule of Criminal Procedure 15 ("Rule 15"), under which "the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness's testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) (allowing the use of two-way video testimony by a witness whose "illness and concomitant infirmity" made it "medically unsafe" to travel to testify in person).

The Defendant argues the Government has failed to prove unavailability. For the purposes of Rule 15, unavailability is "determined according to the practical standard of whether under the

circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." *United States v. Pham*, No. 12-CR-423 (AJN), 2015 WL 7871348, at *1 (S.D.N.Y. Dec. 4, 2015) (citation omitted). A movant must provide specific reasons for a witness's unavailability; "[c]onclusory statements of unavailability...are insufficient." *United States v. Chusid*, No. 00-CR-0263 (LAK), 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000). The Defendant contends that the Government has asserted unavailability in a conclusory fashion because they "did not produce a single medical document or other evidence in support of his [Mr. Lawyer's] purported unavailability." (Opp. at 2). But the Second Circuit has held that "[c]ourts may accept the assertions of counsel on the facts relating to unavailability." *United States v. Sindona,* 636 F.2d 792, 803-04 (2d Cir. 1980); *see also United States v. Grossman*, No. S2 03 CR. 1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005). This Court has previously found, for example, the Government's representations that a witness is elderly and the sole caretaker for his unwell wife sufficient, standing alone, to establish unavailability. *See United States v. Dunseath*, No. 98 CR. 493 (JGK), 1999 WL 165703, at *1 (S.D.N.Y. Mar. 25, 1999). The Defendant does not cite, and the Court has been likewise unable to find, any precedent suggesting that an evidentiary hearing and/or any particular documentary evidence is *required* to establish witness unavailability under Rule 15 standard. The Court thus accepts the Government's representation that travelling to testify "would induce significant pain for the witness and could negatively impact his recovery." (Mot. at 5.) In light of these representations, the Court finds that "[e]xigent health circumstances...preclude [Mr. Lawyer] from traveling to testify at trial" and thus "satisfy this 'unavailability' requirement" under Rule 15. *See Colello*, 2023 WL 3584466, at *1.

      The Defendant argues that were the Court to find the Government's claim that Mr. Lawyer is unavailable unsubstantiated, it should not permit the Government "to supplement their

3

application by now contacting doctors or by seeking medical documentation when they have been aware of Mr. Lawyer's injuries since at least November 9, 2023." (Opp. at. 3.) The supplementary evidence would then be filed too late for the Defendant to respond in a timely fashion before trial next week. (*Id.*) As the Court holds that the Government has made a sufficient showing of unavailability and therefore need not submit supplemental evidence, the Defendant's argument regarding timeliness is moot.

    For the foregoing reasons, the Government's motion *in limine* is GRANTED. The Court preliminarily permits James Lawyer, a trial witness, to testify remotely.

Dated: December 8, 2023                                  SO ORDERED:
White Plains, New York

                                                                                   NELSON S. ROMÁN
                                                          United States District Judge